IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR/A No. 4:19-cr-00285-DCC-2 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Christal Bryant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's Pro Se Motion for Compassionate Release and Memorandum in Support thereof, seeking reduction of Defendant Bryant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 146, 151. The Government filed a Response in Opposition. ECF No. 148. For the reasons that follow, the Motion is denied.

## **BACKGROUND**

Defendant Bryant pled guilty on October 15, 2019, to distribution of methamphetamine and an accompanying count of conspiracy. ECF No. 93. On December 4, 2019, she was sentenced to 40 months of imprisonment and three years of supervised release. ECF No. 121.

Ms. Bryant filed her pro se motion for compassionate release on October 13, 2020. ECF No. 146. The Government filed a response in opposition on November 6, 2020. ECF No. 148. Upon review of the briefing, the Court appointed counsel on November 18, 2020. ECF No. 150. On December 2, 2020, Ms. Bryant filed a counseled Memorandum in Support, and the Government elected not to supplement its previous response. ECF No. 151. As of the date of her Motion, Ms. Bryant had served approximately 65% of her 40-month sentence. ECF No. 146-1 at 1.

1

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies.  If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment.  *Id*.  The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.  The district court "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision."  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The applicable Sentencing Commission policy statement is found at U.S.S.G. § 1B1.13(1)(A) ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). It provides that the court may reduce a term of imprisonment if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the court determines that: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the safety of any other person or the community; and (3) "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13.

However, § 1B1.13(1)(A) by its terms addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons."[1]  Where, as here, the request is

---

[1] This discrepancy clearly arises from the fact that § 3582(c)(1)(A) was amended more recently than § 1B1.13.  *See, e.g., Woodard v. United States*, __ F. Supp. 3d __, 2020 WL 3528413, at *2 (E.D. Va. 2020) ("U.S.S.G. § 1B1.13 is now outdated following

2

brought upon motion of the Defendant himself, most courts have found the policy statement at § 1B1.13(1)(A) to be helpful but not binding. *See*, *e.g.*, *Woodard v. United States*, __ F. Supp. 3d __, 2020 WL 3528413, at *2 (E.D. Va. 2020) ("U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(4).") (citations omitted); *United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020) ("[T]he standards for considering the motion [set forth in § 1B1.13(1)(A)] remain helpful as guidance to courts which hear these motions without the [Bureau of Prisons] as an intermediary.") (quoting *United States v. Zullo*, 2019 WL 7562406, at *3 (D. Vt. Sept. 23, 2019)); *United States v. Johnson*, CR/A No. 4:16-cr-577-BHH-1, 2020 WL 4501513, at *2 (D.S.C. Aug. 5, 2020) (finding that because "the Policy Statement only applies to motions filed by the Director of the [Bureau of Prisons] . . . the old policy statement provides helpful guidance [but] does not constrain the court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentencing reduction under § 3582(c)(1)(A)(i)") (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)).

## DISCUSSION

As a preliminary matter, the Court finds that Ms. Bryant has exhausted her administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Ms. Bryant wrote to the Warden on June 30, 2020, requesting a reduction in sentence based on the COVID-19 pandemic and her medical issues, and her request was denied on July 17, 2020. ECF Nos. 148-1,

---

the passage of the First Step Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons."); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) ("The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants.").

3

148-2. Ms. Bryant subsequently requested early release pursuant to the Coronavirus Aid, Recovery, and Economic Security ("CARES") Act, which was likewise denied on September 11, 2020. ECF No. 146-1 at 1. Ms. Bryant has therefore properly exhausted her administrative remedies.

However, after careful consideration of Ms. Bryant's medical history, the Court finds that the overall circumstances do not warrant a sentence reduction. Ms. Bryant argues that she is at increased risk from COVID-19 due to health conditions, specifically asthma, hypertension, and obesity. Courts in this district and elsewhere have found that the COVID-19 pandemic may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical condition. *See*, *e.g.*, *United States v. Bing*, CR/A No. 1:15-cr-0637-JMC-1, 2020 WL4043610, at *6 (D.S.C. July 17, 2020) (noting that "courts have construed this pandemic and the resulting severe illnesses as 'extraordinary and compelling'") (citation omitted); *Woodard*, 2020 WL 3528413, at *7–8 (granting compassionate release to defendant "because of the great risk that COVID-19 poses to a person of his age [77 years old] with underlying health conditions").

According to Centers for Disease Control and Prevention ("CDC") guidelines, moderate-to-severe asthma "might" increase a person's risk of severe illness from COVID-19. *See COVID-19*, *People at Increased Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html (last updated Dec. 29, 2020). The EPR-3 Guidelines on Asthma[2] classify asthma as intermittent, mild,

---

[2] The EPR-3 Guidelines are also utilized by the Bureau of Prisons ("BOP"). *See* BOP Clinical Practice Guidelines, *Management of Asthma*, Appendix 5, https://www.bop.gov/resources/pdfs/ asthma.pdf (last visited Dec. 21, 2020).

4

moderate, or severe.  Intermittent asthma causes no interference with normal activity and causes symptoms two days or fewer per week, with 0 to 1 exacerbations requiring oral systemic corticosteroids per year.  *See* U.S. Department of Health and Human Services, *Expert Panel Report 3: Guidelines for the Diagnosis and Management of Asthma*, *Full Report 2007*, *Classifying Asthma Severity and Initiating Treatment in Youths ≥12 Years of Age and Adults*, at 344, https://www.nhlbi.nih.gov/sites/default/ files/media/docs/EPR-3_Asthma_Full_Report_2007.pdf (Aug. 28, 2007).  Mild asthma causes minor limitation on normal activity, symptoms more than two days per week but not daily, and two or more yearly exacerbations requiring oral systemic corticosteroids.  *Id*.  Moderate asthma causes daily symptoms and "some" limitation on normal activity.  *Id*.

Ms. Bryant has presented evidence that she suffers from asthma, but not that her asthma is "moderate-to-severe."  On February 1, 2020, Ms. Bryant was transported to Greenbrier Valley Medical Center where she was diagnosed with "Mild persistent asthma with (acute) exacerbation; Acute bronchitis, unspecified."  ECF No. 148-3 at 135.  She was prescribed "Zpack, Prednisone, [and] Albuterol inhaler."  ECF No. 148-3 at 32.  Several months later, on July 6, 2020, medical records indicate a request for refill of the Albuterol inhaler.  ECF No. 148-3 at 12.  According to an Administrative Note, "Medication has only been filled x1 since written.  Original order not filled by inmate until 4/20/20."  *Id*.  Ms. Bryant was provided with instructions for her inhaler as follows: "Don't use daily.  Inhale 2 puffs by mouth 4 times a day as needed to prevent/relieve asthma attack[.]"  *Id*.  It does not appear that Ms. Bryant has suffered any other asthma exacerbations or required further treatment for her asthma beyond what is noted above.  *See* ECF No. 148-3 at 101 (listing prescriptions).  Based upon the record before the Court, particularly

the diagnosis of "[m]ild persistent asthma," it cannot reasonably be concluded that Ms. Bryant's asthma is moderate or severe. Therefore, the Court cannot find that Ms. Bryant's asthma "might" increase her risk of severe illness from COVID-19, let alone that it actually does. *See COVID-19, People at Increased Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions /people-with-medical-conditions.html (last updated Dec. 29, 2020).

Ms. Bryant has also presented evidence that she is obese, with a body mass index ("BMI") of approximately 39.7,[3] and suffers from hypertension. *See, e.g.*, ECF Nos. 148-3 at 42, 157. CDC guidelines state that obesity (defined as BMI of 30 kg/m$^2$ or higher but less than 40 kg/m$^2$) "increases" an individual's risk of severe illness from COVID-19, and that hypertension "might" increase one's risk. *COVID-19, People at Increased Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.htm (last updated Dec. 29, 2020). However, medical records reflect that Ms. Bryant is only 28 years old and her obesity is not in the "severe" category (defined as BMI greater than or equal to 40 kg/m$^2$). Moreover, both obesity and hypertension are regrettably widespread among American adults. As one district court observed, "[a]ssuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason,

---

[3] The Government contends that Ms. Bryant's medical records "do not reflect that she suffers from obesity." ECF No. 148 at 9. The Court disagrees. Although at least one physical examination, conducted in January of 2020, noted a finding of "Obese: No" under the category of "Abdomen," ECF No. 148-3 at 62, Ms. Bryant's records clearly document that she was 160.02 cm (5'3") and 101.60 kg (223.99 pounds) on February 1, 2020. ECF No. 148-3 at 156–57. These measurements placed her BMI at approximately 39.7. *Id*. at 157. Therefore, as defined by CDC guidelines, the Court concludes that Ms. Bryant is obese.

roughly half the prison population would be eligible for compassionate release." *United States v. Hayes*, 2020 WL 3611485, at *2 (M.D. Fla. Jul. 2, 2020). Without evidence of greater severity or additional risk factors, the Court cannot find that Ms. Bryant's obesity and hypertension constitute an "extraordinary and compelling" circumstance within the meaning of the statute. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Furthermore, evidence of Ms. Bryant's current placement weighs against a determination that early release is warranted. Ms. Bryant is housed at Federal Prison Camp ("FPC") Alderson in West Virginia. ECF Nos. 148 at 1, 151 at 3. As of the date of this Order, FPC Alderson has zero active inmate cases and zero recorded inmate deaths out of a population of 510 inmates. *See COVID-19 Cases*, BOP, https://www.bop.gov/corona virus (last accessed Feb. 1, 2021). These statistics do not reflect an extraordinary risk of infection should Ms. Bryant remain incarcerated. Indeed, in light of the recent surge in infections in most states, Ms. Bryant would arguably be at equal if not greater risk in the general population. *See United States v. Morgan*, CR/A No. 2:17-cr-00727-DCN, 2020 WL 4043609, at *5 (D.S.C. July 17, 2020).

In sum, the Court finds that Ms. Bryant's medical circumstances do not present an extraordinary and compelling reason to reduce her sentence, and the Motion is therefore denied.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [146] is **DENIED WITHOUT PREJUDICE**. Defendant Bryant is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of her sentence.

IT IS SO ORDERED.

        s/ Donald C. Coggins, Jr.
        United States District Judge

February 1, 2021
Spartanburg, South Carolina